In the Matter of the Accounting of BANKERS TRUST COMPANY, as Executor of WILLIAM C. ATWATER, JR., Deceased.

Surrogate's Court, Suffolk County, June 22, 1954.

*White & Case* for executor, petitioner.

*Cravath, Swaine & Moore* for Chemical Bank & Trust Co.

*Robert E. Thornhill,* special guardian.

HAZLETON, S. The petitioning executor is asking in this accounting proceeding for a construction of paragraph First of the will which reads in part as follows: " I direct my said Executor to pay from my residuary estate as an expense of administration all estate, legacy, succession, inheritance or similar death duties and any interest or penalties thereon which may be levied or assessed against my estate.''

The question here presented is: Does paragraph First of the will contain a direction against apportionment of death taxes pursuant to section 124 of the Decedent Estate Law? Does it direct that the executor pay from the residuary estate as an expense of administration that portion of the New York and Federal estate taxes that would otherwise be payable by the Chemical Bank and Trust Company as trustee under an *inter vivos* transfer made by the decedent by indenture dated December 29, 1941? Decedent made his will in 1945, and died in 1948.

This irrevocable indenture provides, among other things, that the trust fund should be divided into three equal parts for the benefit of decedent's children, Priscilla, William and Doris, respectively, and that as to each of such parts, such portion of the net income as the trustee deems proper for the support

and education of the particular beneficiary shall be applied for those purposes, and the balance shall be accumulated until the beneficiary attains the age of twenty-one years, whereupon any accumulated income shall be paid to the beneficiary. The indenture also provides for further payment of income and ultimately the distribution of the principal equally to each beneficiary.

Decedent was a man of means, had the help of competent counsel and unquestionably was properly advised anent the law pertinent to payment of all possible estate taxes as he proceeded to execute his last will and testament. Hence, it is reasonable to assume that in respect to the *inter vivos* trusts, he was aware that same might be held to be part of his taxable estate. The fact is that the assets of these trusts are included in the account as filed as part of the assets of decedent's estate upon which taxes have already been paid. Thus, it is clear to my mind from the context of the will and the surrounding circumstances, that this decedent intended that all of his death duties be paid out of his residuary estate. It cannot be gainsaid that among the death duties were included taxes upon the *inter vivos* trust. Hence, I conclude that along with the administration expenses clearly required to be paid out of the residuary estate insofar as the items included in the testament itself are concerned, it was likewise the wish of decedent that his residuary estate be chargeable with payment of whatsoever death duties might be assessed against the *inter vivos* transfer.

And insofar as the net result is concerned, it does not make much difference from which fund the taxes levied against the trusts are to be paid since those who benefit under the *inter vivos* transfer are the same as those who share the residuary estate. (*Matter of Vanderbilt,* decided by this court, 99 N. Y. S. 2d 788.)

The construction question submitted is answered as follows:

Paragraph First of decedent's will constitutes, within the meaning of the exception contained in section 124 of the Decedent Estate Law, a direction prohibiting apportionment against the property held in trust under the 1941 indenture of any portion of the estate taxes payable by reason of the decedent's death.

Submit decree accordingly on notice.